# UNITED STATES BANKRUPTCY COURT
## Eastern District of Pennsylvania

| | | |
|---|---|---|
| In re: | : | |
| JILL L. STETZ | : | Case No. 14-13411 AMC |
| Debtors | : | Chapter 11 |

## DEBTOR JILL L. STETZ'S
## SECOND AMENDED PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Jill L. Stetz (the "Debtor") in accordance with 11 U.S.C. Section 1129(a).

This Plan provides for four classes of secured claims; two classes of unsecured claims; and one class of Debtor's Interests. Debtor will maintain payments under the applicable Notes and Mortgages/Security Agreements in place with secured lenders U.S. Bank, N.A. and First Resource Bank. In order to (a) cure arrears to First Resource Bank and U.S. Bank, N.A., if any; (b) satisfy the amount due to ReadyCap Lending LLC, if any; (c) pay all administrative claims; (d) pay all priority claims; (e) make a 7% distribution to general unsecured claims; and (f) pay convenience class creditors in full, Debtor will pay $14,701.80 upon confirmation or as soon thereafter as is practical to the convenience class and approximately $11,000.00 a month for the approximately sixty (60) month period beginning on the first business day of the first full month following the date of the entry of the order of confirmation by the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Confirmation Date") to be distributed as follows:

a. **U.S. Bank, N.A.** – Arrears of $4,304.47 paid directly to U.S. Bank, N.A. in installments of $240.00/month for the first eighteen months following the Confirmation Date;

b. **Wetzel Gagliardi Fetter & Lavin LLC**[1] (Debtor's Attorneys) - $15,000.00 paid directly to Wetzel Gagliardi Fetter & Lavin LLC in installments of $250.00/month for sixty months following the Confirmation Date;

---
[1] Wetzel Gagliardi & Fetter LLC is now known as Wetzel Gagliardi Fetter & Lavin LLC.

1

c. **ReadyCap Lending LLC** - $661,100.00 cumulatively post-petition through the plan period, paid directly to ReadyCap Lending LLC in installments of $9,500.00/month for approximately fifty-seven months following the Confirmation Date. ReadyCap Lending LLC's claim shall be secured in the amount of $661,100.00[2] and the balance shall be unsecured;

d. **Montgomery County Tax Claim Bureau** - $28,667.06 paid directly to Northeast Revenue Services LLC in installments of $500.00/month for sixty months following the Confirmation Date;

e. **Internal Revenue Service (Administrative & Priority Claims)** - $7,939.34 paid directly to the Internal Revenue Service in installments of $442.00/month for the first eighteen months following the Confirmation Date;

f. **Pennsylvania Department of Revenue (Administrative & Priority Claims)** - $9,623.88 paid directly to the Pennsylvania Department of Revenue in installments of $535.00/month for the first eighteen months following the Confirmation Date.

g. **General Unsecured Creditors** – $30,450.00. Beginning on the nineteenth (19th) month after the Confirmation Date and continuing for the remaining forty-two (42) months of the Plan, $725.00/month will be distributed to unsecured creditors on a pro-rata basis resulting in an approximately 7% distribution.

h. **Convenience Class of Unsecured Creditors** - $14,701.80 paying all creditors in this Class in full, and payment shall occur on the Confirmation Date or as soon thereafter as is reasonably practical.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claims. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders, has been circulated. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

---

[2] Note that the Debtor reserves the right to file a Motion to Determine Secured Status pursuant to 11 U.S.C. Section 506 to establish a secured amount due.

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.      The claim of U.S. Bank N.A. U.S. Bank N.A. holds the first mortgage position on the Debtor's residence.

2.02.    Class 2.      The claims of First Resource Bank. First Resource Bank holds second and third mortgage positions on the Debtor's residence.

2.03.    Class 3.      The claim of ReadyCap Lending LLC ("ReadyCap"), to the extent allowed as a secured claim under § 506 of the Code. ReadyCap holds the first mortgage position on the Debtor's commercial property located at 815 Montgomery Avenue, Narberth, Pennsylvania.

2.04.    Class 4.      The claim of Montgomery County Tax Claim Bureau. The tax claim bureau is the property tax collection entity associated with the Debtor's Montgomery Avenue commercial property.

2.05.    Class 5.      All allowed general unsecured claims whose claims are not part of the Class 6 Convenience Class.

2.06.    Class 6.      All allowed general unsecured creditors whose claims total less than or are reduced to $5,000.00 or less, inclusive of interest at the rate of 6% from the filing date to the anticipated confirmation date (calculated as 12/31/2015).

2.07.    Class 7.      The interests of the individual Debtor in property of the estate.

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Confirmation Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. There are three administrative expense claims. The first is payable to Debtor's attorneys, Wetzel Gagliardi Fetter & Lavin LLC in the amount of $15,000.00. By

agreement between the Debtor and her attorneys, payments on this claim will begin on the Confirmation Date and be paid in equal monthly installments of $250.00 over the following sixty (60) months. The second is payable to the Internal Revenue Service in the amount of $5,004.60 (Claim amount of $4,547.50 plus 6% interest from filing date) for post-petition (tax year 2014) income taxes due. By agreement with the Internal Revenue Service, payments on this claim will begin on the Confirmation Date and be paid in equal monthly installments of $278.00 over the following eighteen (18) months. The third is payable to the Pennsylvania Department of Revenue in the amount of $3,573.90 (Claim amount of $3,247.51 plus 6% interest from the filing date) for post-petition (tax year 2014) income taxes due. By agreement with the Pennsylvania Department of Revenue, payments on this claim will begin on the Confirmation Date and be paid in equal monthly installments of $199.00 over the following eighteen (18) months.

3.03    Priority Tax Claims. Priority Tax Claims are held by the Internal Revenue Service and the Pennsylvania Department of Revenue. The 11 U.S.C. Section 507(a)(8) portion of their claims total as follows: Internal Revenue Service - $2,934.74 (calculated as the claim amount of 2,666.78 plus 6% interest since the filing date) and Pennsylvania Department of Revenue - $6,049.98 (calculated as the claim amount of $5,497.41 plus 6% interest since the filing date). Debtor will pay the Internal Revenue Service $164.00/month and the Penna. Dept. of Revenue $336.00/month over the eighteen (18) month period beginning on the Confirmation Date in order to satisfy the Priority amount of their claims.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Confirmation Date of this Plan will be paid on the Confirmation Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 – Secured Claim of U.S. Bank N.A. | Unimpaired. | U.S. Bank N.A. holds the first mortgage position on the Debtor's residence. Debtor will maintain payments under the terms of the applicable Note and Mortgage. The monthly payments are currently $8,102.41. Arrears in the amount of $4,304.47 will be paid over the eighteen (18) month period beginning on the Confirmation Date in equal monthly installments of $240.00 and paid directly to U.S. Bank N.A. |

| Class 2 – Secured Claims of First Resource Bank | Unimpaired. | First Resource Bank holds second and third position mortgage liens on the Debtor's residence. Debtor will maintain payments under the terms of the applicable Note(s) and Mortgage(s). Arrears as stated in First Resource Bank's filed Proof of Claim have been satisfied. |
|---|---|---|
| Class 3 – Secured Claim of ReadyCap Lending LLC | Impaired. | ReadyCap Lending LLC holds the first mortgage position on the Debtor's Commercial Property located at 815 Montgomery Avenue, Narberth, Pennsylvania. Pursuant to 11 U.S.C. Section 506(a), ReadyCap's claim shall be secured in the amount of $661,100.00 which represents the value of the collateral (subject to the Debtor's 11 U.S.C. Section 506 valuation motion if necessary), and unsecured for the remainder of the amount due as stated in its Proof of Claim. Post-Petition, Debtor has paid ReadyCap $123,276.45[3]. Debtor will pay $537,825.00[4], in equal monthly installments of $9,500.00 over the fifty-seven month period[5] beginning on the Confirmation Date in order to satisfy any and all amounts due by the Debtor and/or any co-debtor/guarantors/obligors under the terms of the commercial loan which is the subject of ReadyCap's Proof of Claim. Payment in accordance with the Debtor's Plan shall release any liens on the Debtor's real estate and personal property. Debtor shall maintain insurance coverage on the real estate securing ReadyCap's mortgage and pay all real estate taxes as they become due for tax year 2015 and going forward. Upon request of ReadyCap, Debtor shall provide written proof of such payment(s)/coverage(s). If (1) payments under this Plan are not timely made, or (2) real estate taxes are not paid or insurance is not kept in force, ReadyCap shall be granted relief from the automatic stay upon ten (10) days' notice of default to Debtor and Debtor's counsel, and failure by the Debtor to cure said default. If this bankruptcy proceeding is dismissed, any monthly payments due under the loan documents will revert to the payment amounts set forth in the loan documents. |

---

[3] Debtor has paid ReadyCap $123,276.45 post-petition through June 10, 2015 by way of $9,500.00/month payments in accordance with the Stipulation resolving ReadyCap's Motion for Relief from the automatic stay. Debtor has been and will continue to make these payments until Confirmation of her Plan, at which time Plan payments will commence.

5

| Class 4 – Secured Claim of Montgomery County Tax Claim Bureau | Unimpaired. | The Montgomery County Tax Claim Bureau is the property tax collection entity for the Debtor's Commercial Property located at 815 Montgomery Avenue, Narberth, PA. As of September 25, 2015, the amount due to satisfy all outstanding property tax obligations through tax year 2014 was $28,667.06. This amount will be paid over the sixty (60) month period beginning on the Confirmation Date in equal monthly installments of $500.00 and be paid directly to the Montgomery County Tax Claim Bureau. |
|---|---|---|
| Class 5 - General Unsecured Creditors | Impaired. | General Unsecured creditors whose claims are not part of the Class 6 Convenience Class will receive a pro-rata share of $30,450.00 which represents the Debtor's interest in non-exempt assets, if any, and is greater than what this Class would receive upon liquidation. Payments to unsecured creditors in this Class will begin on the nineteenth (19th) month after the Confirmation Date and be paid in equal monthly installments of $725.00 over the remaining forty-two (42) months of the Plan. Unsecured creditors classified in Class 5 will receive an approximate distribution of 7% of their allowed claims. |

---

[4] This amount represents $661,100.00 less the amount paid to ReadyCap post-petition. This figure may change based on Debtor's ongoing post-petition payments made prior to Confirmation. Debtor will maintain $9,500.00/month payments until the secured amount due of $661,100.00 has been paid in full.
[5] Consistent with footnote 3, the payment term may be a few months less than fifty-seven (57) months.

| Class 6 – Convenience Class of General Unsecured Creditors | Unimpaired. | General Unsecured creditors whose claims total less than or are reduced to $5,000.00 or less, inclusive of interest at the rate of 6% from the filing date to the anticipated confirmation date (calculated as 12/31/2015). Any general unsecured creditor may elect to participate in this Class by reducing its claim to $5,000.00 or less, inclusive of interest at the rate of 6% from the filing date to the anticipated confirmation date (calculated as 12/31/2015). Debtor shall pay this Class in full and payment shall occur on the Confirmation Date or as soon thereafter as is reasonably practical. The total amount required to pay this Class is anticipated to be $14,701.80 and is calculated as follows:<br>(a) Wells Fargo Bank N.A. - $4,835.80<br>(b) Penna. Dept. of Revenue - $1,366.20<br>(c) Internal Revenue Svc. - $4,098.60<br>(d) Capital One N.A. - $1,958.80<br>(e) Citibank N.A. - $2,442.40 |
|---|---|---|
| Class 7 – Debtor's Interests. | N/A | Debtor will retain her interest in property of the Bankruptcy Estate following payments to all Classes in accordance with this Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a Proof of Claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no Proof of Claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Confirmation Date of this Plan:

1. The Debtor assumes the lease with Divine J's, Inc. regarding the rental of 815 Montgomery Avenue, Narberth, Pennsylvania. Under the terms of this lease, Divine J's, Inc. pays rental income equivalent to the amount needed to pay ReadyCap Lending LLC, property taxes and property insurance, and it will continue do so consistent with the terms of the Debtor's Plan.

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above before the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan. Debtor does not believe there to be any executory contracts or unexpired leases to be rejected.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor is the sole shareholder of Divine J's, Inc. d/b/a Narberth Animal Hospital. She is a licensed veterinarian and operates the Narberth Animal Hospital. The revenue generated from this entity shall be used to fund payments consistent with the terms of her Plan. Non-Debtor spouse is retired and has monthly Social Security and Pension income. Debtor's Post-Petition income reflects gross monthly income averaging $13,283.00 but reasonably anticipating $19,500.00 while non-Debtor Spouse's income remains consistent at $5,449.80/month. Debtor's household expenses, inclusive of anticipated Plan payments, are $25,005.65/month. However, there are two important caveats to these figures. First, Debtor's post-petition income fluctuates. Her business has shown that it can increase this figure in months where occasional expenses must be paid, such as insurance premiums, taxes, etc. as a result of keeping a reserve balance averaging $30,000.00. Second, as with any small business, Debtor expects increased revenues on a more consistent basis by increasing the income-generating activity of her current customers and efficiently expanding her customer base. As a result of implementing these activities, the business has shown an increase in both gross and net revenues month over month year to date and expects this to continue going forward. Given her post-petition history of maintaining $11,000.00/month payments under the terms of the stipulation resolving ReadyCap Lending LLC's relief motion, in combination with her reasonably anticipated increases in revenue as outlined at Section IV.D. below regarding feasibility, Debtor will be able to support and complete her Plan as proposed.

# ARTICLE VIII
# **GENERAL PROVISIONS**

8.01     Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02     Confirmation Date of Plan. The Confirmation Date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. If a stay of the confirmation order is in effect on that date, the Confirmation Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03     Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04     Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05     Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06     Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise expressly provided in this Plan.

8.07     Pro-Rata. With respect to any distribution to the holder of an Allowed Claim or Interest of a particular Class on a particular date, the same proportion that the amount of such Allowed Claim or Interest bears to the aggregate amount of all Claims or Interests of such Class, including disputed and/or Contested Claims or Interest.

8.08     Default. No default shall be declared under this Plan unless and until the Debtor and its counsel, Wetzel Gagliardi Fetter & Lavin LLC, c/o: John A. Gagliardi, Esquire, 101 E. Evans Street, Walnut Bldg. – Ste. A, West Chester, PA 19380, shall have received written notice of default, with a copy of such notice being provided to the Office of the U.S. Trustee, Attn: Kevin Callahan, Esquire, 833 Chestnut Street - Ste. 500, Philadelphia, PA 19107 and the Debtor has failed to cure such default within ten (10) days of receipt of the written notice.

8.09    Precedence.  In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of the Plan shall control and take precedence.

8.10    Modification.  At any time before Confirmation, the Debtor may modify this Plan, but shall not modify the Plan so that the Plan as modified fails to meet with the requirements of Section 1122 and Section 1123 of the Code.  After allowed modification, the Plan as modified shall become the Plan.

## ARTICLE IX
## DISCHARGE

9.01.   Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

9.02    Final Decree.  Debtor will seek a Final Decree after substantial consummation of the Plan and pay all outstanding Quarterly Fees due to the Office of the United States Trustee. Upon completion of Plan payments, Debtor may seek to re-open the bankruptcy proceeding in order to obtain her Chapter 11 Discharge.  The Bankruptcy Court shall retain jurisdiction over any and all matters relating to enforcement of provisions of the Debtor's Plan, until the Plan has been fully consummated.

## ARTICLE X
## OTHER PROVISIONS

10.01.  **Section 1146 Exemption.**  To the fullest extent permitted under Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any property under the Plan or the execution, delivery or recording of an instrument of transfer under the Plan, or the revesting, transfer or sale of any real or other property of or to the Debtor shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.  Any recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded is ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage recording tax, intangible tax or similar tax.  If the Debtor sells her residence located at 2651 South Chester Springs Road, Chester Springs, PA 19425, or her commercial property at 815 Montgomery Avenue, Narberth, PA 19072, this section shall apply to the transaction as sales contemplated under the terms of this Plan.

10.02. **Valuation under Section 506 of the Bankruptcy Code.** ReadyCap Lending LLC's secured claim was filed in the amount of $1,103,805.37 and is undersecured. Pursuant to 11 U.S.C. Section 506(a)(1), the Plan proposes to split the claim into two claims: (1) a secured claim equal to the value of the collateral, and (2) a general unsecured claim equal to the remaining amount due. The value of the Montgomery Avenue Property securing this loan is $625,000.00 and the value of other assets securing this loan is $36,100.00 for a total value of $661,100.00[6]. Therefore, under the terms of the proposed Plan, the secured portion of ReadyCap Funding LLC's claim shall be satisfied upon receipt of all payments contemplated by the terms of her proposed Plan. The balance shall be a Class 5 general unsecured claim and be paid as such.

10.03. **Payments.** The Debtor shall make payments under the terms of this Plan directly to the respective creditors.

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

---

[6] Again, this figure is subject to the Debtor's 11 U.S.C. Section 506 valuation motion, if necessary.

Respectfully submitted,

By: __s/Jill L. Stetz__
     Jill L. Stetz
     Debtor

Date: September 30, 2015